UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| BILLY W. LOCKE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:22-CV-00092-JRG-CHS |
| SGT. LANETTE RUEBUSH and SGT. BREEDEN, | ) |
| Defendants | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction, has filed a civil rights action under 42 U.S.C. §1983 [Doc. 2], and a motion to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion to proceed as a pauper will be granted, and this action will be dismissed for failure to state a claim upon which relief may be granted.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is a prisoner, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty

percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.     ALLEGATIONS OF COMPLAINT

Plaintiff was housed at the McMinn County Jail between May 24, 2020, and April 21, 2021 [Doc. 2 at 4]. During that time, Plaintiff's telephone calls between himself and his girlfriend would be "cut off" any time the couple began to discuss Plaintiff's rights or his cases [*Id.*]. Plaintiff maintains that one or more Defendants must be responsible for this conduct, as the two Defendant Sergeants were the only employees with the ability to listen to or terminate telephone calls [*Id.*]. Aggrieved, Plaintiff seeks $1,000,000 in monetary damages from each Defendant [*Id.*].

## III.    SCREENING STANDARDS

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

2

Case 1:22-cv-00092-JRG-CHS   Document 4   Filed 04/15/22   Page 2 of 5   PageID #: 16

language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a "less stringent standard[s] than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## IV. ANALYSIS

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend I. However, "lawful incarceration results in the necessary limitation of many privileges and rights of the ordinary citizen." *Hill v. Estelle*, 537 F.2d 214, 215 (5th Cir. 1976) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)); *see also Beard v. Banks*, 548 U.S. 521, 528 (2006) ("[T]he Constitution sometimes permits greater restriction of [constitutional] rights in a prison than it would allow elsewhere."). While prisoners retain "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections systems[,]" *Procunier*, 417 U.S. at 822, incarceration "uncontrovertedly limit[s]" a prisoner's free speech rights. *Thaddeus-X v. Blatter*, 175 F.3d 378, 393 (6th Cir. 1999).

The First Amendment protects Plaintiff's right to communicate with the outside world, but it does not provide him with a per se right to a telephone to do so. *See Miles v. Scanlon*, No. 1:21-CV-74, 2021 WL 1809834, at *5 (W.D. Mich. May 6, 2021) (holding prisoners "do not have a constitutional right to a particular form of communication" under the First Amendment); *see also United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000) ("Prisoners have no per se

3

constitutional right to use a telephone[.]"); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048-49 (9th Cir. 2002) (holding "[u]se of a telephone provides a means of exercising [the First Amendment] right").

Here, Plaintiff does not allege that he was not allowed some telephone access, and he does not allege that the absence of unlimited telephone use prohibited him from communication with the outside world. Therefore, Plaintiff has failed to plausibly allege a violation of his First Amendment rights, and this claim will be dismissed.

Moreover, to the extent Plaintiff alleges that his restricted telephone use hampered his ability to pursue legal cases or discuss legal issues, the Court notes that Plaintiff has not alleged that he has suffered some legal harm because of the allegedly restricted access, and therefore, this allegation fails to state a claim upon which relief may be granted. S*ee Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation.").

**V.     CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Even liberally construing Plaintiff's complaint, he fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

4

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

ENTER:

                                       s/J. RONNIE GREER
                              UNITED STATES DISTRICT JUDGE